COMPLAINT FORM

FILED
03/10/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

SHAWN JOHNSON

VS.                                   Case Number
                                      1:23-cv-443-JPH-KMB

THE GEO GROUP INC.
MARK SEVIER
CAPTAIN LUNDSFORD
SGT. SMITH, et. al.,

A. PARTIES

1. Plaintiff is a citizen of Indiana and is located at: New Castle Correctional Facility, 1000 Van Nuys Road. Po Box A, New Castle, Indiana 47362-1047.

2. Defendant GEO Group INC. is a

corporation doing business in the state of Indiana and resides at 1000 Van Nuys Rd, Po Box A, New Castle, Indiana 47362 and is legally responsible for the overall operation of the New Castle Correction Facility. GEO Group INC. is currently violating the Plaintiff's Eighth Amendment rights to the United States Constitution by not overseeing Centurion Health in assuring proper health care is being administered and insuring inmates safety. GEO Groups main Indiana office is located at Po Box 946, Jefferson, Indiana 47130.

3. Defendant Mark Sevier violated Plaintiff Johnson's Eighth Amendment rights to the United States Constitution for not following Administrative General Requirements, namely: his responsibilities. He "approves, initiates, interprets, revises and enforces policies and directives... monitors compliance with established facility methods and systems and seeks improvement... in all departmental areas including but not limited to security, business services, food service,

medical service, programs and maintenace..."
Defendant Mark Sevier is a citizen of Indiana and resides at 1000 Van Nuys Road, PO Box A, New Castles, Indiana 47362. He works for the GEO Group INC., PO Box 946, Jefferson, Indiana 47130.

4. Defendant Captain Lundsford violated Plaintiff Johnson's Eighth Amendment rights to the United States Constitution by not overseeing his officers, which are defendants. Defendant Captain Lundsford is a citizen of Indiana and resides at 1000 Van Nuys Road, PO Box A, New Castle, Indiana 47362. He works for the GEO Group INC., PO Box 946, Jefferson, Indiana 47130.

5. Defendant Sgt. Smith is a Correctional officer who violated Plaintiff Johnson's Eighth Amendment rights to the United States Constitution. Sgt. Smith is legally responsible for the safety, security and over-all well-being of all inmates at the new Castle Correctional

Facility in New Castle, Indiana 47362. Defendant Sgt. Smith is a citizen of Indiana and resides at 1000 Van Nuys Road, PO Box A, New Castle, Indiana 47362. She works for the GEO Group INC., PO Box 946, Jefferson, Indiana 47130.

6. Defendant Officer Brown is a Correctional officer who violated Plaintiff Johnson's Eighth Amendment rights to the United States Constitution. Officer Brown is legally responsible for the safety, security and over-all well-being of all inmates at New Castle Correctional Facility in New Castle, Indiana 47362. Defendant Officer Brown is a citizen of Indiana and resides at 1000 Von Nuys Road, PO Box A, New Castle, Indiana 47362. She works for the GEO Group INC., PO Box 946, Jefferson, Indiana 47130.

7. Defendant Officer Dunlap is a Correctional officer who violated Plaintiff Johnson's Eighth Amendment rights to the United States Constitution. Officer Dunlap is legally responsible for the

-4-

safety, security and over-all well-being of all inmates at New Castle Correctional Facility in New Castle, Indiana 47362. Defendant officer Dunlap is a citizen of Indiana and resides at 1000 Van Nuys Road, PO Box A, New Castle, Indiana 47362. She works for the GEO Group INC., PO Box 946, Jefferson, Indiana 47130.

8. Defendant Dr. Osburn violated Plaintiff Johnson's Eighth Amendment rights to the United States Constitution by preventing his acquisition of proper medical care and being deliberately indifferent to his serious medical needs. Defendant Dr. Osburn is a citizen of Indiana and resides at 1000 Van Nuys Road, PO Box A, New Castle, Indiana 47342. He works for the GEO Group INC., PO Box 946, Jefferson, Indiana 47130.

9. Defendant Dr. Carter violated Plaintiff Johnson's Eighth Amendment rights to the United States Constitution by preventing his acquisition of proper medical care and being deliberately

indifferent to his serious medical needs. Defendant Dr. Carter is a citizen of Indiana and resides at 1000 Van Nuys Road, PoBox A, New Castle, Indiana 47362. He works for the GEO Group INC., PO Box 946, Jefferson, Indiana 47130.

10. Defendant Indiana Department of Correction's Commissioner Kristina Reagle who violated the Plaintiff's Eighth Amendment rights to the United States Constitution for not overseeing GEO's Administration General Requirement (2.4.1). Namely: Warden Sevier's responsibilities of: "Approves, initiates, interprets, revises and enforces policies and directives... monitors compliance with established facility methods and systems and seeks improvement... in all departmental areas including but not limited to security, business services, food service, medical service, programs and maintenace". Commissioner Kristina Regale is legally responsible for the overall operation of every prison in the state of Indiana. Defendant Regale is a citizen of Indiana and resides at 302 W. Washinton St., Rm E 334, Indianapolis,

Indiana 46204.

11. Defendant Centurion Health violated Plaintiff Johnson's Eighth Amendment rights to the United States Constitution for preventing his acquisition of proper medical care. Centurion is contracted to the state of Indiana to provide medical care to all inmates. Centurion Health resides at 550 N. Meridian St., Indianapolis, Indiana and is legally responsible for the medical care and overall health of inmates for the Indiana Department of Corrections and the State of Indiana.

## B. STATEMENT OF CLAIM

The Plaintiff Shawn Johnson is an inmate at New Castle Correctional Facility in New Castle, Indiana. On June 24, 2022 between 9:30 A.M. and 11:30 A.M. Sgt. Smith and officer Brown removed offender Joe Johnson and his cellmate from M1-202 and locked them in the top range shower for cell shakedown. Sgt. Smith and officer Brown knew offender Joe Johnson was intoxicated, hence the reason for the shakedown.

offender Joe Johnson started yelling Plaintiff Shawn Johnson's name, saying, "he was going to kick the living shit out of him or "kill" him when he gets the chance". Offender Joe Johnson threatened the Plaintiff by his name. Sgt. Smith and Officer Brown heard Offender Joe Johnson threatening "bodily harm" towards Plaintiff Johnson several times.

Approximately 12:00 noon, on June 24th, Plaintiff Johnson was let out of his cell to perform his job of passing out offenders meals. When Plaintiff Johnson arrived at cell M1-202, Joe Johnson's cell he was threatened in front of officer Brown while Defendant Brown was standing there. Officer Brown never said one word to deffuse the situation.

On 6-25-2022, between 10:00 A.M. and 11:00 A.M. Plaintiff Johnson was let out of his cell to perform his duties of passing out lunch trays. Officer Dunlap gave a direct order to the kitchen workers, with no officer in M1-Pod, to pass out trays door to door. This required offenders doors to be opened with no officer which violated security policy in the protective custody unit.

Due to shortage of staff all policies, administrative

directives and post-orders were violated. When Plaintiff Johnson and two other offenders arrived at cell 202, offender, Joe Johnson's cell, the door was opened with no officer in the pod in total disregard for Plaintiff Johnson's constitutional rights under <u>Monell v. Department of Social Services of New York</u> 436 US 658, 98 S. Ct. 2018. The practic that GEO and it's employees - all defendants in this case - violated Plaintiff Johnson's Fourth Amendment rights under the United States Constitution.

Only then, after Plaintiff Johnson was brutally assaulted did Defendant Smith act. Plaintiff Johnson was taken to the nurses station and asked where he was hurt. Plaintiff response was, "I was kicked and hit several times in the head and face and hurt real bad", including his head, neck, shoulder, back, hip, eye and mouth where he had teeth knocked out. The duty nurse never cleand the blood, looked for cuts, administered any concussion protocol or checked for swelling.

On 6-25-22, Defendant Sgt. Smith authorized the opening of cell doors with no officer present

inside the Protective Custody Unit M1-Pod. This Indirect violation of the Plaintiff's Eighth Amendment rights. Prison officials, namely Sgt. Smith has a duty under the Eighth Amendment to protect prisoner's from violent assaults from the hands of other offenders/inmates Farmer v. Brennan, 511 US 825, 833 114 S.ct. 1970, 128 L.Ed 2d 811 (1994). During the assault, Sgt. Smith could only observe the end result of the attack on Plaintiff Johnson, Smith was separated behind secured Pod (steel doors) and had no way to end the attack which she could have prevented. Per policy, Admin, Procedure, and Post-orders in Protective Custody no door is to be opend in "offender housing" without an officer in the Pod.

Defendant officer Dunlap on 6-25-22 was the officer in the control Room "opened doors in PCU M1 to serve trays with no officer present in violation of Plaintiff's Eighth Amendment rights. Officer Dunlap has a duty to protect inmates from violent assault at the hands of other inmates, Farmer v. Brennan.

Defendant officer Brown, on 6-25-22 did not supervise the passing of food trays. The doors were opened without Browns present inside PCU M1 Pod.

This is indirect violation of Plaintiff's Eighth Amendment rights. Prison officials, namely officer Brown, has the duty under the Eighth Amendment to protect inmates from violent assaults at the hand of other inmates Farmer v. Brennan.

Defendant Mark Sevier is/was the warden of N.C.C.F. at all relevant times of this complaint.

Defendant Captain Lundsford is/was the senior officer over the entire Annex/PCU part of N.C.C.F. at all relevant times of this complaint. Defendants Sevier and Lundsford have the authority to recommend, change, order, or make policy/procedure changes and train officer's in the proper operation of the Protective Custody Unit. They were both supervisors over Defendants Smith, Dunlap and Brown at all relevant times of this complaint despite knowledge of Defendants Smith, Dunlap and Brown had to protect the Plaintiff, under his Eighth Amendment rights. The Defendants Sevier and Lundsford had reckless disregard for the Plaintiff's rights. They failed to train, manage, investigate- and failure to supervise in order to protect the plaintiff. The acts and omissions above by

Defendants Sevier and Lundsford described above violated Plaintiff's Eighth Amendment rights <u>Farmer v. Brennan</u>.

Defendant Lundsford is/was the Captain overseeing the Annex PCU part of N.C.C.F, and was at all times relevant of this Complaint. Defendant Lundsford's reckless failure to adequately and properly train, manage, investigate his officers in his direct command; and failure to supervise and protect. The acts and omissions by Defendant Lundsford described above violated Plaintiff's Eighth Amendment rights.

Defendant, The GEO Group INC., have a custom, policy, or practice that encourages or condones it's employees at N.C.C.F. Annex PCU to allow the doors to be opened while no officer is present in the Pod. Yet the GEO Group INC. have failed to take action or adopt and implement a policy that would prevent it's employees from placing the plaintiff in harms way. All complaints above violated Plaintiff's Eighth Amendment rights.

Defendants Sevier and Lundsford were made aware of thier subordinates actions through several letters to facility; Unit Team manager Ms Caldwell, Internal

Investigations, Mr Fitch and Sevier (Ex. A,B,C,D) over concerns about the assault and providing Plaintiff with a separatee against Joe Johnson.

On 6-27-22 Plaintiff Johnson was taken to the dentist. The dentist extracted a tooth that had been knocked loose from the assault and promised to call Plaintiff back for further dental work on the other loose teeth. On 6-27-22 Plaintiff filed a grievance (Ex. E) to request the video of the incident to be held for evidence. On 6-28-22, Plaintiff wrote a letter to Internal Investigations asking if a separatee would be put on inmate Joe Johnson. Plaintiff requested, video footage, inmate Johnsons Doc# number, medical records, incident report, policies, roster of employees working in Annex PCU on 6-24-22, 6-25-22 and 6-26-22. (Ex. F) Plaintiff wrote Ombudsman on 6-30-22 (Ex. G)

Defendant Centurion Health From (7-1-22) to date of filing was contracted to the Indiana Department of Corrections. Centurion acts under the colo of state law. Centurion is responsible for all subordinate employees. Centurion failed to carry out their duty to oversee subordinates Dr. Osburn and Dr.

Carter. Centurion violated IDOC's policy by not providing adequate medical care to Plaintiff. All Plaintiff's injuries from the assault were completely ignored (Policy 01-02-101).

Defendants Dr. Osburn and Dr. Carter were deliberatlely indifferent and never treated nor examined Plaintiff after the brutal attack, which violated his Eighth Amendment rights. Both Dr. Osburn and Dr. Carter are employed by Centurion Health and act under the color of state law. Dr Carter is the medical director at N.C.C.F. and is responsible for his subordinates. On 7-1-22 Plaintiff filed (RFHC) to see the doctor since he never received any care on 6-27-22, the nurse said he would (Ex.H) on 7-5-22 Plaintiff sent letter to medical supervisor (Ex.I) Plaintiff never received the Naproxin ordered, so he wrote to the Health Care Administration office on 7-5-22 (Ex.J). On 7-11-22 Plaintiff wrote to the Dentist in regard to the follow up visit (Ex.K). On 7-11-22 Plaintiff wrote to the HCA again asking to be seen by the doctor since he was still having pain (Ex.L). On 7-11-22 Plaintiff wrote to the Unit Team Manager Ms Caldwell asking

if a separatee had been lodged against Joe Johnson (Ex. M). On 7-12-22 Plaintiff wrote to Grievance specialist Mr. Nelson asking if he had received the Grievance he had written and sent to him on 6-27-22 concerning the assault (Ex. N). On 7-12-22 Plaintiff wrote Grievance about not being seen by doctor yet. (Ex. O) On 7-13-22 Plaintiff wrote Defendants Sevier, Fitch and Internal Investigations (Ex P, Q, R) asking if they received any letters sent by Plaintiff dated: 6-26-22 (Ex. B, C, D). On 7-15-22 Plaintiff received a Sworn Affidavit from Travis Evans who witnessed the assault (Ex. S). On 7-15-22 Plaintiff filled out a second RFHC because he was still in pain (Ex. T). On 7-18-22 Plaintiff wrote to Lt Temple and Captain Lundsford asking to review the assault (Ex. U, V). On 7-18-22 Plaintiff wrote to law library asking for the chain of command of the officers (Ex. W) on 7-22-22 Plaintiff received a response from law library saying they could not respond, but forwarded his request to the duty officer (Ex. X). On 7-22-22 Plaintiff was taken to the dentist by Sgt Smith and Officer Brown. The dentist did not extract

the two teeth that was loose from the assault of 6-25-22. On 7-22-22 while Plaintiff was waiting on the dentist Defendant Brown stated, "if Joe Johnson would of have hit you harder he could have knocked them all out. On 7-25-22 Plaintiff filed a grievance about Defendents' Brown's comment on 7-22-22 at the dentist office. (Ex. Y). On 7-29-22 Plaintiff filed yet another RFHC to see the doctor (Ex. Z). On 7-29-22 Plaintiff filed yet another grievance because Centurion did not have proper RFHC (Ex. AA, BB, CC). On 7-29-22 Plaintiff filed yet another RFHC to see the dentist about the pain the two loose teeth was causing him (Ex. DD). On 7-31-22 Plaintiff was called out for sick call but was never seen due to some emergency. On 8-1-22, 8-2-22, 8-3-22 and 8-4-22 Plaintiff asked staff if he was on sick-call list, all to no avail. On 8-4-22 Plaintiff was called to the dentist, where the dentist finally pulled the two loose teeth from the assault from 6-25-22. On 8-5-22 Plaintiff had asked Defendant Dunlap if he was on the sick-call list to see the doctor yet, Dunlap replied "you are on the list", but Plaintiff was never seen. On 8-6-22

Plaintiff was finally seen by the nurse after filling out three (3) RFHC. The nurse informend Plaintiff he would have to fill out separate RFHC for every symptom. Plaintiff stated all symptoms are from being assaulted back on 6-25-22. On 8-25-22 Plaintiff filled out a sworn affidavit of Defendant Brown's comment about Plaintiffs' teeth being knocked out (Ex. EE). As of this date of filing Plaintiff still has not received proper medical care. Plaintiff has exhausted all state remedies through the grievance process.

C. <u>LEGAL CLAIM</u>

The beating and deliberate indifference to medical needs violated Johnson's rights and constituted cruel and unusual punishment under the Eight Amendment to the United States Constitution.

The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured

by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## D. JURISDICTION

I am suing for a violation of federal law under 28 U.S.C. § 1331.

## E. PRAYER FOR RELIEF

Granting Plaintiff Johnson a declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United States.

A preliminary injunction ordering Defendants: GEO Group INC., Mark Sevier, Captain Lundsford, Sgt. Smith, Officer Brown, Officer Dunlap, Dr. Osburn, Dr. Carter, Commissioner Kristina Reagle and Centurion Health to cease any retaliation toward Plaintiff Johnson: and administer proper health care.

Compensatory damages in the amount of

$50,000.00 against each defendant, jointly and severally.

Punitive damages in the amount of $50,000.00 against each defendant.

Plaintiff cost in suit. Any additional relief this Court deems just and proper and equitable.

### F. JURY DEMAND

Jury demand - I want a jury to hear my case.

### G. VERIFICATION

I have read the foregoing complaint and hear by verify that the matters alleged therein are true except as to matters alleged on information and belief and those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at New Castle, Indiana.

Dated this __2__ day of __MARCH__ 20__23__

Respectfully Submitted,

__Shawn Johnson__
Signature of Plaintiff

# __950205__
Plaintiff's Prisoner ID Number

NCCF

PO BOX A

__NEW CASTLE, INDIANA 47362__

Mailing Address of Plaintiff

I Do Not request that I be allowed to file this Complaint without prepaying the filing fee under 28 U.S.C. § 1915, and have included the full filing fee with this Complaint.